IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN IGNACIO CORONA BARAJAS, | § § § § | |
| *Petitioner*, | § § | |
| v. | § § § | CIVIL ACTION NO. 9:26-CV-00149 |
| Bret BRADFORD, Field Office Director of Enforcement and Removal Operations, Houston Field Office, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Executive Office for Immigration Review; Alexander SANCHEZ, Facility Administrator of The IAH Detention Center, Livingston, Texas, | § § § § § § § § § § § | JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § | |

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is Petitioner Juan Ignacio Corona Barajas's Second Amended Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 5]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Juan Ignacio Corona Barajas ("Corona Barajas") is a Mexican national. [Dkt. 5 at ¶ 23]. On December 2, 2025 United States Immigration and Customs Enforcement ("ICE") detained Corona Barajas. *Id.*

On March 5, 2026, Corona Barajas brought a second amended habeas corpus petition, claiming that his detention violates both the Immigration and Naturalization Act ("INA")[1] and the

---

[1] 8 U.S.C. § 1101 et seq.

1

Fifth Amendment to the United States Constitution. [Dkt. 5]. Corona Barajas also seeks to assert his membership in *Maldonado Bautista v. Noem*, 5:25-cv-01873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

Corona Barajas challenges the legality of his detention on four separate grounds. First, he claims that the INA does not allow the Government to detain him during removal proceedings. [Dkt. 1]. Second, Corona Barajas claims that the Government violated procedural due process by failing to afford him a custody redetermination, thereby rendering his detention itself unlawful. *Id.* Third, Corona Barajas argues that his detention violates due process because he is eligible for custody redetermination. *Id.* Fourth, he seeks to assert his membership in *Maldonado Bautista*. *Id.*

### A. Detention Pending Removal Proceedings

Corona Barajas first challenges the Government's authority to detain him while removal proceedings are pending but no removal order has been issued. [Dkt. 5]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien *must* be detained during removal proceedings if he is "not clearly and

2

beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Corona Barajas argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Corona Barajas is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) apply to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

### B. Custody Redetermination

Corona Barajas next argues that his detention violates procedural due process and the INA because ICE failed to provide a custody redetermination before an immigration judge.[2] In any event, a petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Habeas petitions are a proper device for challenging confinement-related procedures only when those procedures would have resulted in the petitioner's automatic release if performed correctly. *See id.* Otherwise, detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.*

Here, even if the INA or due process required that Corona Barajas receive a custody redetermination, a custody redetermination would not necessarily result in Corona Barajas's release from detention. *See* 8 C.F.R. § 236.1(d)(1). The INA's accompanying regulations provide that, in a custody redetermination, immigration judges may "detain the alien in custody," or "determine the

---

[2] Courts often refer to custody redeterminations as "bond hearings." *See, e.g.*, *Cabanas v. Bondi*, No. 4:25-cv-04830, 2025 WL 3171331 at *4 (S.D. Tex. Nov. 13, 2025) (Eskridge, J.).

3

amount of bond, *if any*, under which the [alien] is to be released." *Id.* (emphasis added). Hence, a custody redetermination could just as well have resulted in Corona Barajas's continued detention, rather than his release from custody. *Id.* Accordingly, the Government's failure to provide a custody redetermination does not entitle Corona Barajas to habeas relief.[3] *See Carson*, 112 F.3d at 820–21.

### C. *Maldonado Bautista*

The limitations of habeas corpus relief are also pertinent to Corona Barajas's *Maldonado Bautisa* argument. Even if the Court were to follow the declaratory judgment in *Maldonado Bautista*, a writ of habeas corpus is not the proper vehicle. Habeas relief "may not be used to correct mere irregularities or errors of law." *Wooten v. Bomar*, 267 F.2d 900, 901 (6th Cir. 1959). Habeas is only to be used for release "from unlawful imprisonment or custody," and "any other purpose" is invalid. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976); *Carson*, 112 F.3d at 820–21. The fact that officials may have "failed to follow their own policies, without more, does not constitute a violation of due process." *Iruegas-Maciel v. Dobre*, 67 F.App'x 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)).

### IV. CONCLUSION

Because Corona Barajas has failed to demonstrate by a preponderance of the evidence that his detention violates any federal law, he cannot obtain habeas relief under 28 U.S.C. § 2241(c)(3).

It is therefore **ORDERED** that Corona Barajas's Second Amended Petition for Writ of Habeas Corpus [Dkt. 5] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.
**SIGNED this 2nd day of April, 2026.**

Michael J. Truncale
United States District Judge

---

[3] The Fifth Amendment claims, which are predicated on the other arguments, therefore also fail.